*In re* GEHRIG'S ESTATE.

*In re* HUSS.

*(Supreme Court, General Term, Second Department.* February 12, 1890.)

CONFLICT OF LAWS—PROOF OF FOREIGN LAWS—LAPSE OF LEGACY.

A legacy to the community of Hochhausen, in the grand duchy of Baden, will lapse for insufficient proof that it is a corporation, and capable of taking, where it appears that the volume of the laws of Baden adduced in evidence was silent on the subject; that the testimony of a witness that by the unwritten law of Baden a community can acquire property by any means known to the law, was based on the assumption that if it were otherwise it would be known to him by virtue of his official position as German vice-consul; that he was unfamiliar with the constant changes in the laws of Baden within the last 40 years; and that such community had no charter, and included all the inhabitants of a geographical district.

Appeal from surrogate's court, Westchester county.

Proceedings on final accounting by Henry Huss as executor of Sebastian Gehrig, deceased. Testator gave five dollars to his child, and one-fourth part of his estate, respectively, to the Wartburg Orphan Asylum, the German Hospital, the Community of Hochhausen of Baden, Germany, and to one Josephine Smith. The opinion of the surrogate was as follows:

"COFFIN, S. The Wartburg Orphan Asylum and the German Hospital, being well-known corporations, have been settled with by the executor. The only question litigated is in regard to whether the Community Hochhausen is a corporation, and capable of being a legatee. It is well settled that courts will not take judicial notice of foreign laws, written or unwritten, but that they must be proven like any other facts, (Story, Confl. Laws, p. 527, § 637;) the unwritten laws being susceptible of proof by parol evidence, (Id. p. 530, § 642.) The usual course is to make such proof by the testimony of competent witnesses, instructed in the law, under oath. *Monroe* v. *Douglass,* 5 N. Y. 447; Code Civil Proc. § 942; *Hynes* v. *McDermott,* 82 N. Y. 41. This the community has endeavored to do by the testimony of Charles Ferie, the vice-consul of the German empire, in New York city, a gentleman of culture and erudition. He testified that he had, at Berlin and elsewhere, studied the written and unwritten laws of the states of the empire, including Baden, and had been an assistant judge in Germany, that he had been in this country for three years, but when he left Germany, it does not appear, that it is the unwritten law that a community has its mayor and common council, and a seal, and has a right to take a legacy. A book was produced and shown to the witness, who testified, in effect: That it was a volume of the statutes affecting the grand duchy of Baden, published, by its authority, in 1832, as such laws then existed, and exist now. One section provided that 'every community has a right to administer its affairs as a community, and to manage property independently for itself;' another, 'that all movable and immovable property of communities is the property of the citizens as a corporation,' or 'as a body,' or 'as a whole.' That this and similar communities had their origin in the unwritten law, and had been in existence, as his studies led him to believe, for at least nine hundred years. That these unwritten laws are printed in books or treatises. That the statutes of the grand duchy were, prior to 1848, enacted by the grand duke, and since then by a legislative body. That the law in respect to this community, as he had, in his official position, been recently informed by the minister of Baden, has not been changed by any statute, and that, if it had been, he should, by reason of his official position, have been apprised of it. That he had not personally examined to see that there had been no change, but based his opinion upon what some one else had told him as to the present condition of the law. The witness also read, from the book produced, this enactment: 'Communities are either cities or townships. No community in existence can be dissolved unless by the legislature.' The witness again testified that the book contained

all the laws concerning communities of Baden, and that, if there had been any change, he would know it from his official position. He had examined none of the session laws since 1848. The existence of a foreign law must be proved in the same manner as any other fact. If it be a statute, the book containing it, properly identified, or a duly-authenticated copy of the statute, must be produced. If it be an unwritten law which is in question, it may be proven by a person learned in that law. In either case, it must be shown that such law was in force at the time of the event or occurrence to which it is claimed to be applicable; that it is shown to have existed at a time prior thereto raises no presumption of its continued existence. *Hynes* v. *McDermott, supra.* Nor can its continued existence be established by hearsay evidence, any more than can any other ordinary fact. The usual rule of evidence must govern. All the testimony, therefore, given by the witness, based upon information derived from others, having been duly objected to, should be disregarded. The only evidence we have, then, is that there was formerly, under the unwritten law of the grand duchy of Baden, a Community of Hochhausen, with a mayor and common council, whose duty it was to watch over the interests of its people, and which was, as long ago as 1832, recognized by statute as a *quasi* corporation, which could not be dissolved except by legislative action. Since 1848, there has been a legislature of the grand duchy, holding annual sessions and passing laws; but what those laws are, we have not been informed. Hence there is no proof of any law existing, at the date of the death of the testator, showing that the Community of Hochhausen was a corporation. Without such proof, it is not competent to take the legacy, and it lapses; but it does not fall into the residuum, but will devolve as undisposed of, (2 Jarm. Wills, 368, 5th Amer. Ed.,) and will pass to testator's daughter. Decree accordingly."

From the decree, the Community of Hochhausen appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Richard M. Bruno,* for appellant. *Jacob F. Miller,* for respondents.

PRATT, J. The opinion of the surrogate discusses the questions involved so fully that there is little need for extended argument. The weakness of the evidence introduced by the contestant is manifest. The volume introduced as containing the laws of the grand duchy of Baden does not touch upon the subject in controversy here. As to whether the communities there referred to can accept legacies, the statute is silent; nor does the oral evidence cover the ground. True, the witness states that by the unwritten law of Baden a community can acquire property by any means known to the law, but, when cross-examined as to the grounds of his knowledge, seems to rest upon his assumption that if the law was otherwise he would know it. And the whole examination, taken together, shows that constant changes have taken place in the laws of the grand duchy for the last 40 years, with which changes the witness had no familiarity. It was conceded that the community had no charter, and that it included all the inhabitants of a geographical district. That must needs be a fluctuating class of persons which has not ordinarily capacity to take a gift. The competency of the witness to testify to the law was peculiarly within the province of the surrogate, (*Hynes* v. *McDermott,* 82 N. Y. 41–58,) and we see no ground to disagree with his conclusion. Decree affirmed.